## THE WEST NOHNO.

MARINE LIGHTERAGE CORPORATION v. UNITED STATES et al. EASTERN S. S. LINES, Inc., v. SAME.

District Court, S. D. New York. December 27, 1928.

Carter & Phillips, of New York City (Robert Phillips, of New York City, of counsel), for libelant Marine Lighterage Corporation.

Haight, Smith, Griffin & Deming, of New York City (Henry M. Hewitt and James McKown, Jr., both of New York City, of counsel), for libelant Eastern Steamship Lines.

Charles H. Tuttle, U. S. Atty., of New York City (A. M. Menkel, of New York City, of counsel), for the United States.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for respondent A. H. Bull & Co.

Wm. F. Purdy, of New York City (T. A. McDonald, of New York City, of counsel), for Red Ash Towing Line and tugs Red Ash No. 1 and No. 3.

Foley & Martin, of New York City (J. A. Martin, of New York City, of counsel), for tug Revere.

Burlingham, Veeder, Masten & Fearey, of New York City (Paul Tison, of New York City, of counsel), for Rowland & Liesegang.

THACHER, District Judge. Upon trial of these libels the steamship West Nohno was held solely at fault for the collision, in which the libelants' lighters were damaged. Whether the resulting liability is to be borne by the United States, as owner, or by A. H. Bull & Co., Inc., as managing agent, is the only question reserved for decision.

When the collision occurred, and prior thereto, the navigation of the ship was in sole charge of a compulsory pilot, for whose selection the agent was in no way responsible. There was no fault in the execution of the pilot's orders, either by the crew of the ship or by the assisting tugs. For his careless navigation A. H. Bull & Co., Inc., is not liable on any theory of agency. Homer Ramsdell Co. v. La Compagnie Générale Transatlantique, 182 U. S. 406, 21 S. Ct. 831, 45 L. Ed. 1155. Liability arises only in rem against the ship. Ralli v. Troop, 157 U. S. 386, 402, 15 S. Ct. 657 (39 L. Ed. 742); The China, 7 Wall. 53, 19 L. Ed. 67. Nor is there any liability to indemnify the owner against the consequences of the pilot's fault, unless by agreement, the agent has assumed such liability. The Hathor (D. C.) 167 F. 194;

Crisp v. U. S. & Australasia S. S. Co. (D. C.) 124 F. 748. The agency agreement here in question imposes no such liability upon A. H. Bull & Co., Inc.

Accordingly I am constrained to conclude that A. H. Bull & Co., Inc., is under no liability either to the libelants or to the United States. The question of the agent's liability for the carelessness of navigators, selected by it pursuant to the agency agreement, left undecided in New York & Cuba Mail S. S. Co. v. United States (C. C. A.) 12 F.(2d) 348, does not arise, and therefore cannot be considered.

The two libels are dismissed as against A. H. Bull & Co., Inc. Since libelants have elected to proceed under the Suits in Admiralty Act (46 USCA §§ 741–752) in accordance with the principles of libels in rem, they may take decrees against the United States for recovery of their damages, to be determined upon reference.